UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JASON H. TUFTS,

        Plaintiff,

  v.

DOWNEY SAVINGS AND LOAN
ASSOCIATION, F.A., FCI LENDER
SERVICES, INC., ATHOME
CONSULTING GROUP, INC. DBA
ATHOME FUNDING, RONALD G.
FAYE, JOHN JAY MANGUBA
NATIVIDAD, JEFF L. ARCE, and
DOES 1-20 inclusive,

        Defendants.
_____/

Civ. No. S-09-1944 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of defendants Ronald G. Faye, John Jay Manguba Natividad, U.S. Bank National Association,[1] and FCI Lender Services, to dismiss plaintiff Jason H. Tuft's ("plaintiff") first amended complaint pursuant to

---

[1] U.S. Bank National Association is the successor in interest to the Federal Deposit Insurance Corporation ("FDIC"), which was receiver for Downey Savings and Loan Association, F.A..

1

Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On February 12, 2010, plaintiff filed a statement of non-opposition, requesting that his claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without prejudice.  (Docket # 48.)  Accordingly, plaintiff's TILA and RESPA claims are dismissed.  See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims.  The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure.  (Pl.'s First Am. Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,

350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Accordingly, plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: February 19, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE