UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JASON H. TUFTS,

         Plaintiff,

    v.

DOWNEY SAVINGS AND LOAN
ASSOCIATION, F.A., FCI LENDER
SERVICES, INC., ATHOME
CONSULTING GROUP, INC. DBA
ATHOME FUNDING, RONALD G.
FAYE, JOHN JAY MANGUBA
NATIVIDAD, JEFF L. ARCE, and
DOES 1-20 inclusive,

         Defendants.

_____/

Civ. No. S-09-1944 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of defendants

Ronald G. Faye, John Jay Manguba Natividad, U.S. Bank National

Association,[1] and FCI Lender Services, to dismiss plaintiff Jason

H. Tuft's ("plaintiff") first amended complaint pursuant to

_____

    [1]    U.S. Bank National Association is the successor in
interest to the Federal Deposit Insurance Corporation ("FDIC"),
which was receiver for Downey Savings and Loan Association, F.A..

1

1  Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On February

2  12, 2010, plaintiff filed a statement of non-opposition,

3  requesting that his claims for violations of the Truth in Lending

4  Act ("TILA") and the Real Estate Settlement Procedures Act

5  ("RESPA") be dismissed without prejudice.  (Docket # 48.)

6  Accordingly, plaintiff's TILA and RESPA claims are dismissed.

7  See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d

8  1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss,

9  pursuant to FRCP 12(b), does not prevent the plaintiff from later

10 filing a voluntary dismissal).

11      Dismissal of the TILA and RESPA claims leaves the complaint

12 devoid of any federal claims.  The remaining claims are state law

13 claims for negligence, violation of the California Rosenthal Act,

14 breach of fiduciary duty, fraud, violation of California Business

15 and Professions Code §§ 17200 *et seq.*, breach of contract, breach

16 of the implied covenant of good faith and fair dealing, and

17 wrongful foreclosure.  (Pl.'s First Am. Compl. ("Compl.").)

18      Subject to the conditions set forth in 28 U.S.C. § 1367(c),

19 district courts may decline to exercise supplemental jurisdiction

20 over state law claims.  See Acri v. Varian Associates, Inc., 114

21 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision

22 whether to exercise supplemental jurisdiction should be informed

23 by values of "economy, convenience, fairness, and comity."  Id.

24 at 1001 (citations omitted).  Further, primary responsibility for

25 developing and applying state law rests with the state courts.

26 Therefore, when federal claims are eliminated before trial,

27 district courts should usually decline to exercise supplemental

28 jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,

350 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(<u>quoting</u> <u>Schneider v. TRW Inc.</u>, 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

        Accordingly, plaintiff's complaint is DISMISSED without prejudice.

        IT IS SO ORDERED.

DATED: February 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE